## Scott McGlasson, Appellee, v. Judson Harmon, Receiver, Appellant.

INSTRUCTIONS—*when inaccuracy will not reverse.* An inaccurate instruction is not ground for reversal if no prejudice appears to have resulted.

Action in case for personal injuries, etc. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

OUTTEN, ROBY, EWING & McCULLOUGH, for appellant.

CHESTER ALLEN SMITH and LeFORGEE, VAIL & MILLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for personal injuries and for the destruction of certain personal property, alleged to have been occasioned by the negligence of the servants of appellant. A trial by jury resulted in a verdict and judgment against appellant for $800.

On February 11, 1909, as appellee with a wagon and team of horses was crossing the railroad track of the Cincinnati, Hamilton & Dayton Railway Company on Jasper street in the City of Decatur, a passenger train, consisting of three coaches and a locomotive, then running backwards on said track, collided with said wagon and team. The negligent acts charged in the declaration are the failure to ring a bell or blow a whistle; the running of the train backward without having some one stationed on the rear platform of the coach to warn persons at said crossing of the approach of the train; that the flagman stationed at said crossing signalled appellee to drive across the same at a time when said train was approaching; and that said train was exceeding the speed limit fixed by the city ordinance.

At the place of the collision Jasper street is also crossed by the track of the Wabash Railroad Company, and the distance between the two tracks is 39 feet.

Appellee testified that as he approached the crossing from the south the flagman signalled him to proceed; that in obedience to said signal he continued to do so; that after giving him the signal to proceed the flagman went into his shanty; that as he crossed the Wabash track and approached the Cincinnati, Hamilton & Dayton track he looked west and saw no train approaching and heard no signal of a train coming from that direction; that he then looked east, as it was about time for the arrival of a passenger train from that direction; that while he was so looking east, the train in question, coming from the west, collided with his wagon. It is admitted by the flagman that he signalled appellee to approach, but he further testifies that when appellee had crossed the Wabash track he directed him to stop in the space between the two tracks, until the train in question had cleared the crossing; that appellee did stop, but immediately thereafter concluded he could cross in safety and started to do so against the protest of the witness. Appellee denies that the flagman directed him to stop after having signaled him to proceed, or that he did stop on the crossing between the two tracks. The questions of fact thus pre-

sented were properly submitted to the jury for their determination and we think their finding thereon against appellant was warranted. The statement by appellant's flagman that he merely signalled appellee to proceed across the Wabash track and expected him to stop with his team and wagon in the 39 foot space between the two tracks until the train in question had cleared the crossing taxes our credulity as it doubtless did of the jury. As bearing upon the question of appellee's due care for his own safety, the evidence discloses that a view of the track upon which the cars were approaching from the west was somewhat obscured by standing cars on the Wabash track. While the record discloses that a car inspector was stationed on the rear platform of the passenger coach for the purpose of controlling the air brake on the train and signalling its approach by a compressed air whistle such as is customarily used for that purpose on a coach platform, it further appears that such whistle was primarily sounded for the purpose of warning the flagman and that the car inspector did not see appellee until the latter was upon the track where he was struck.

The first instruction given at the instance of appellee was inaccurate, but it did not assume to direct a verdict, and was as applicable to the witnesses who testified for appellee as to those who testified for appellant and could not have misled the jury to the prejudice of appellant.

There is no reversible error in the record and the judgment is affirmed.

*Affirmed.*